IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41295
Summary Calendar
_____

ROLAND R. HUNT,

                                                    Plaintiff-Appellant,

versus

DAVE FORTNER, Unit Physician, Powledge Unit;
UNIDENTIFIED CLANDER, Officer, Powledge Unit;
K.C. LOVE, Unit Physician, Beto I; ROCHELLE
MCKINNEY, RN, Regional Director; RITA PARSONS,
Assistant Manager,

                                                    Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-294
---------------------
September 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Roland R. Hunt, Texas prisoner # 654749, appeals the
magistrate judge's[**] dismissal of his 42 U.S.C. § 1983 lawsuit as
frivolous or for failure to state a claim, pursuant to 28 U.S.C. §
1915A.  Hunt does not renew his retaliation claim against Officer
Clander or his claims against Rita Parsons, and those claims are

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

        [**] The parties agreed to proceed before a magistrate judge.

waived. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Hunt's claim against Nurse Rochelle McKinney was properly dismissed because it did not implicate a constitutional right. <u>See Manax v. McNamara</u>, 842 F.2d 808, 812 (5th Cir. 1988).

Hunt argues that his deliberate-indifference claim against Dave Fortner and Dr. K.C. Love was improperly dismissed. Taking the facts as alleged by Hunt as true, he has shown that his allergic reactions to certain common foods present a serious risk of medical harm about which Fortner and Dr. Love were aware but disregarded, failing to take reasonable measures to avoid unnecessary suffering by failing to reissue his diet card. <u>See Farmer v. Brennan</u>, 511 U.S. 825, 839-41 (1994); <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993); <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 648 (5th Cir. 1996) (en banc). His deliberate-indifference claim is not legally frivolous, and his factual allegations, if true, may warrant relief; the magistrate judge's dismissal, pursuant to § 1915A, was thus error. Accordingly, the judgment should be vacated in part and remanded for further proceedings on Hunt's deliberate-indifference claim.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**